UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERIC FERRIER,

                    Plaintiff,

-against-

Q LINK WIRELESS, ISSA ASAD, JOHN DOES 1-5,

                    Defendants.

**MEMORANDUM AND ORDER**
18-cv-1852 (LDH) (JO)

LaSHANN DeARCY HALL, United States District Judge:

Plaintiff Eric Ferrier, proceeding pro se, brings the instant action against Q Link Wireless, LLC ("Q Link") and Issa Asad (collectively "Defendants") alleging that Defendants infringed on copyrighted software developed by Plaintiff, fraudulently transferred Plaintiff's copyrighted software, and tortiously interfered with Plaintiff's employment.[1]  Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss Plaintiff's complaint for lack of personal jurisdiction or, in the alternative, to transfer this action to the Southern District of Florida.[2]

## BACKGROUND[3]

Defendant Q Link is a Florida corporation with its principal address in Dania, Florida. (Compl. ¶ 4, ECF No. 1.)  Defendant Asad, manager of Q Link's managing entity, also has a

---

[1] Plaintiff styles his third claim as one for tortious interference with employment and unfair business practices, but cites to the false designation of origin provision of the Lanham Act, criminal copyright violations under 18 U.S.C. § 2319, and improper influencing of a court officer or juror under 18 U.S.C. § 1503.
[2] Defendants' letter requesting a pre-motion conference regarding their anticipated motion to dismiss also raised potential arguments under Federal Rules of Civil Procedure 8, 10(b), and 12(b)(6). (*See* Defs.' Pre-Mot. Ltr. Mot. Dismiss ("Defs.' Ltr. Mot.") at 1, ECF No. 11.)  Defendants requested that in the interest of efficiency, the Court first address the issue of personal jurisdiction before addressing any other grounds for dismissal.  (*Id.*)  Following a July 10, 2018 hearing, by order dated July 13, 2018, the Court granted Defendants' request.
[3] The following facts are drawn from Plaintiff's complaint, and are assumed to be true for purposes of this memorandum and order.

principal address in Dania, Florida. (*Id.* ¶ 5.) Plaintiff, who currently resides in New York, was employed by Defendants as an independent contractor from October 11, 2011, to November 2013. (*Id.* at ¶¶ 3, 11, 15, 19.) Plaintiff provided computer programming and testing services throughout his employment. (*Id.* ¶ 20.) While employed by Defendants, Plaintiff developed certain applications related to Defendants' customer-relationship system. (*Id.* ¶ 36.) These applications are copyrighted as registration number TXu002025577. (*Id.*) Plaintiff was terminated in November 2013. (*Id.* ¶ 19.) According to Plaintiff, Defendants continued to use his copyrighted works following his termination. (*See id.* ¶¶ 37-39.)

## DISCUSSION

When a party moves for dismissal under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and moves to transfer based on improper venue under 28 U.S.C. § 1406(a), courts have discretion to determine the issue of venue before determining the question of personal jurisdiction. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) ("[W]hen there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order of considering personal jurisdiction and venue."); *see also Pancoast v. Lee*, 306 F. App'x 652 (2d Cir. 2009) (remanding where "it is unclear whether the district court realized its authority, notwithstanding the absence of personal jurisdiction, to transfer the case pursuant to [28 U.S.C.] § 1406(a) if the interests of justice so require"). Courts in this circuit have found good cause for doing so where transfer of venue would resolve a lack of personal jurisdiction. *See, e.g.*, *Sea Tow Servs. Int'l, Inc. v. Treasure Coast, Inc.*, No. 05-CV-5129, 2006 WL 8435489, at *3 (E.D.N.Y. June 28, 2006) (resolving transfer of venue first "because transfer of venue will likely remedy any personal jurisdiction defects"); *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 385 (S.D.N.Y. 2010) (finding it "prudentially appropriate to address venue first

since a decision to transfer would render personal jurisdiction analysis with respect to this district irrelevant"); *New Son Yeng Produce, LLC v. A & S Produce, Inc.*, No. 07-CV-4292, 2009 WL 2568566, at *2 (E.D.N.Y. Aug. 19, 2009) (considering venue first where it was not clear that the Court had personal jurisdiction). Because transfer of venue would likely remedy any defects with respect to personal jurisdiction, it is prudent to address the issue of venue first.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court is empowered to transfer a case *sua sponte*. *See Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) ("The broad language of 28 U.S.C. [§] 1404(a) would seem to permit a court to order transfer Sua sponte.")[4] (internal citations omitted).

The determination as to whether to transfer a matter is an "individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In doing so, the Court must establish: *first*, that "the transferee court is able to exercise jurisdiction over the parties and must be an appropriate venue of the action" and *second*, that "the balance of convenience and justice favors transfer." *Jones v. City of New York*, No. 11-CV-5042, 2012 WL 716890, at *1 (E.D.N.Y. Mar. 5, 2012) (internal alterations and quotations omitted).

*First*, the transferee court would have jurisdiction over this matter and is an appropriate venue. Based on Plaintiff's allegations, Defendants have principal addresses in Dania, Florida.

---

[4] Defendants' letter requesting leave to file a motion to dismiss requested that the Court, in the alternative, transfer this matter to the Southern District of Florida. (*See generally* Defs.' Ltr. Mot.) While the parties' briefing focused primarily on the issue of personal jurisdiction, Plaintiff opposed the request to transfer by letter and in his brief. (*See* Pl.'s Ltr. Mot. Opp. Defs.' Ltr. ("Pl.'s Ltr. Mot.") at ¶¶ 8–9, ECF No. 13; Pl.'s Mem. to Supp. Pers. Jurisdiction ("Pl.'s Suppl. Mem.") at *8, ECF No. 18.) In opposition, Plaintiff contends that the motion to transfer was filed in bad faith. (Pl.'s Ltr. Mot. at ¶ 9.) Plaintiff provides no support for this contention, however, and therefore no basis upon which the Court can deny the motion.

(Compl. ¶¶ 4, 5.) Plaintiff, a New York resident, brings claims under federal copyright law and state law. (Compl. ¶¶ 3, 35–53.) Therefore, the District Court for the Southern District of Florida would have original jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, or, because Plaintiff is a New York resident and Defendants are Florida residents, diversity jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1332. Further, that court, unlike this Court, would have personal jurisdiction over Defendants, both of whom are based in Florida. (Compl. ¶¶ 4, 5.) Indeed, Plaintiff previously brought Title VII claims against Defendant Q Link, which claims were transferred to the Southern District of Florida from the Southern District of New York. *See* Transfer Order, *Ferrier v. Q Link Wireless LLC*, No. 15-CV-6803 (S.D.N.Y Nov. 6, 2015), ECF No. 3. While Plaintiff's claims were ultimately dismissed by District Court Judge Darrin P. Gayles for failure to state a claim, the court did not find that it lacked jurisdiction over the parties. *See* Order, *Ferrier v. Q Link Wireless LLC*, No. 15-CV-62407 (S.D. Fla. Aug. 10, 2016), ECF No. 46. Further, venue would be appropriate in the Southern District of Florida because both Defendants reside in that district. *See* 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located . . . .").

*Second*, the balance of convenience and justice favors transfer. Among the factors to be considered in determining whether the balance of convenience and justice favors transfer are "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *New York Marine & Gen. Ins. Co. v.*

*Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)).

Of these factors, only the first (plaintiff's choice of forum) weighs against transfer. Plaintiff chose to file his claims in the Eastern District of New York and his choice of forum is undoubtedly "entitled to considerable weight." *Wald v. Bank of Am. Corp.*, 856 F. Supp. 2d 545, 549 (E.D.N.Y. 2012) (internal citations omitted). The second (witness convenience), third (location of evidence), and fifth (locus of operative fact) factors, however, all weigh in favor of transfer. Plaintiff alleges that Defendants have infringed and continue to infringe on Plaintiff's copyrighted software. (Compl. ¶¶ 36–41.) The witnesses, documents, and other evidence necessary to support these claims are likely located in Defendants' computers and offices in Florida, not in New York. Indeed, the only relevant witness located within this district is likely to be Plaintiff.

The remaining factors are all in equipoise. If this matter proceeded in New York it would be more convenient for Plaintiff and less convenient for Defendants. The opposite would be true if this matter were transferred to Florida. Neither party has identified any witnesses who would be unwilling to appear before either this Court or a court in the Southern District of Florida. Further, while Plaintiff is proceeding pro se, neither party has offered any evidence that one party or another is of relatively better means.[5] *See Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp.2d 325, 331 (E.D.N.Y.2006) ("A party arguing for or against a transfer because of

---

[5] Plaintiff alleges that the Eastern District of New York provides resources to pro se litigants that the Southern District of Florida does not. (Pl.'s Ltr. Mot. at ¶ 9.) A review of the Southern District of Florida's website, however, reflects that the Southern District of Florida offers instructions for pro se litigants as well as access to a volunteer-lawyers program. *See* United States District Court Southern District of Florida, *Filing Without an Attorney*, http://www.flsd.uscourts.gov/filing-without-attorney (last visited Oct. 4, 2018). Notably, while Plaintiff is proceeding pro se, Plaintiff has not filed an application to proceed in forma pauperis, which might provide the Court with some insight into Plaintiff's financial status. Absent such information, the Court cannot simply presume a financial disparity.

inadequate means must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his finances.") (citation and internal quotation marks omitted).[6]

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer this matter to the Southern District of Florida is GRANTED, and Defendants' motion to dismiss is DENIED.

SO ORDERED:

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge

Dated: Brooklyn, New York
        November 20, 2018

---

[6] Even if the Court were to reach the question of personal jurisdiction, Plaintiff's jurisdictional allegations suffer from significant deficiencies. "Personal jurisdiction over a defendant in a diversity action is determined by the law of the forum in which the court sits." *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986). Therefore, New York law applies. Plaintiff asserts that the Court has personal jurisdiction under New York's long-arm statute because of "a tortious act without the state causing injury . . . within the state." N.Y. § C.P.L.R. 302(a); (*see* Pl.'s Suppl. Mem. at *4.) Under New York law, this requires that a defendant "expects or should reasonably expect . . . the [tortious] act to have consequences in the state." N.Y. § C.P.L.R. 302(a). As an initial matter, Plaintiff alleges that he suffered damages in the state of New York because he "should have been paid [at] his New York address." (Pl.'s Suppl. Mem. at *4.) Such allegations are likely insufficient. *See Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 326 (1980) ("It has, however, long been held that the residence or domicile of the injured party within a State is not a sufficient predicate for jurisdiction, which must be based upon a more direct injury within the State and a closer expectation of consequences within the State than the indirect financial loss resulting from the fact that the injured person resides or is domiciled there."). Plaintiff's contention that Defendants should have expected that their use of Plaintiff's software would have consequences in New York is similarly lacking. For example, Plaintiff submitted letters from Q Link sent to the FCC on February 9 and 13, 2017, in which Q Link petitions the FCC to serve as a Lifeline Board Provider for an additional ten states or territories, including New York. (Pl.'s Ltr. Mot. at *4–*12.) The letter states that "Q Link has been awaiting an FCC . . . designation to serve these ten states for the past five years." (*Id.* at *10.) In other words, based on Plaintiff's own submission, Q Link did no business in New York, and therefore did not use Plaintiff's software for New York customers, from at least February 2012 through February 2017. Plaintiff also alleges that Defendants maintain a website that "is aim[ed] to residents of the State of New York" and has hired New York-based attorneys and a web marketer. (Pl.'s Suppl. Mem. at *6, *7.) The first assertion, that Plaintiff aims its website to New York residents is contradicted by a visit to Defendants' website, which prohibits individuals with New York zip codes from accessing portions of the website. *See* Q Link Wireless Homepage, https://qlinkwireless.com/ (last visited Oct. 4, 2018.) As to the hiring of New York-based individuals, the Court is doubtful that the hiring of a single web marketer is sufficient to create personal jurisdiction and is unwilling to embrace the notion that defending oneself in court by hiring local counsel somehow concedes the issue of personal jurisdiction. With respect to Defendant Asad, Plaintiff has produced a biography of Defendant Asad from the webpage of Quadrant Holdings, LLC, the parent company of Q Link, which states that Defendant Asad "owned, developed, and operated several gas stations and convenience stores across New York and Florida." (Pl.'s Suppl. Mem. at *17.) The fact that Defendant Asad previously owned small businesses in New York likely does not give rise to an expectation that his conduct with respect to a Florida business would have New York consequences.